MINNIE EDWARDS, PLAINTIFF-APPELLANT, v. MORRIS STEIN AND LENA STEIN, ADMINISTRATRIX WITH THE WILL ANNEXED OF THE ESTATE OF MORRIS STEIN, DECEASED, DEFENDANT-RESPONDENT.

Argued October 4, 1938—Decided October 29, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the plaintiff-appellant, *David Cohn* (*Milton Goldinger*, on the brief).

For the defendant-respondent, *William V. Rosenkrans.*

BROGAN, CHIEF JUSTICE. In this case a nonsuit was granted at the end of the plaintiff's case on defendant's motion.

From the judgment entered the plaintiff appeals. The action brought by the plaintiff was to recover damages for personal injuries that resulted when a ceiling in the house in which she was a tenant fell upon her. When the nonsuit was granted, the following facts, which the jury might have accepted and which at this juncture we must consider in the light most favorable to the plaintiff, appeared:

Minnie Edwards, the plaintiff, had, as a tenant of the defendant, been in occupancy of the lower floor of the two-family house in question for some months prior to August 25th, 1935, the date on which the accident occurred. In September of 1934, the upper floor had been damaged by fire. As a result of the fire, even after repairs to the dwelling had been made, the ceiling in one of the rooms leased by her became loosened, probably from the water used in extinguishing the fire, and this condition was brought to the attention of the landlord. Three days before the accident, *i. e.*, Thursday, August 22d, 1935, the owner, Morris Stein (since deceased, his estate's administratrix having been substituted as defendant), came to the apartment of the plaintiff with a mechanic and discussed repairing the ceiling which was cracked and loose. The jury might reasonably have inferred that he undertook to repair same. In any event, the mechanic, Rosenthal, who accompanied Stein in his inspection of the damaged ceiling and examined same by tapping upon the damaged area with a broom handle, advised the owner that it would be necessary to put in a new ceiling. Rosenthal and the landlord were not in accord as to the price to be charged. The following day the landlord returned with a piece of board, explaining that this was to hold up the ceiling "until I get a man to fix it," and nailed it across the damaged part of the ceiling. Later that day or the next day Stein removed the board. Nothing further was done about curing the obviously dangerous condition and on Sunday, before noon, the ceiling fell and the plaintiff was injured.

The court nonsuited the plaintiff, relying upon the cases of *Furniture Co.* v. *Board of Education,* 58 *N. J. L.* 646, and

*Burr* v. *Adams Express Co.,* 71 *Id.* 263. These cases, as we understand them, have to do with whether or not the question of reasonable time for making repairs is, under certain circumstances, an issue for the court or for the jury. The trial court in the instant case seems to have decided to grant a nonsuit upon the theory that the question in this case was whether the landlord had a reasonable time to make repairs and concluded that that issue was not a question for the jury. We think this was an erroneous theory under the facts as outlined.

It is clear, of course, that normally a landlord is under no duty to repair leased premises in the absence of a promise to do so but he may make himself liable by agreeing, extra the lease contract, to do so if he voluntarily undertakes to make repairs and fails to exercise ordinary care and diligence in so doing. From the evidence, the jury might have found that the landlord did undertake to make the needed repairs. If the witnesses for the plaintiff are to be believed, he undertook to make the defective ceiling safer by nailing a board across it which he later removed. Whether the landlord was guilty of negligence by undertaking to make a temporary repair to the ceiling, if it may be so designated, by the makeshift of nailing a board across the cracked and loosened part, and whether the landlord said at that time, "I am going to fix right away," and later removed the board after which the ceiling fell, he then and there started to make repairs and did them carelessly were, we think, questions of fact—not of law. Liability is not predicated in this case on contract but on the common law doctrine that a volunteer may not do what he undertakes to do in a negligent manner or in any manner from which, under the circumstances, negligence might reasonably be inferred. *Vollkommer* v. *Menge et al.,* 118 *N. J. L.* 360.

The judgment is reversed, and a *venire de novo* is awarded.